## JOHN PRICE v. WILLIAM LANE.

**Evidence—Admissibility of Sheriff's Deed.**

A sheriff's deed which is not accompanied by a judgment or other record evidence of the authority of the sheriff to sell the land, is not admissible in evidence to show title in the purchaser.

**Judgment—Must Be Based on Pleading.**

Although the evidence may authorize a judgment, the judgment cannot be sustained if there is no pleading on which to base it.

### APPEAL FROM PULASKI CIRCUIT COURT.

December 20, 1872.

OPINION BY JUDGE HARDIN:

The evidence shows that E. Taylor did not have the legal title at the time the appellee purchased the land, according to the recitals of the sheriff's deed; but the deed, not being accompanied by the judgment or other record, evidence of the authority of the sheriff to sell the land, was not admissible in evidence to show title in the appellee, and if Taylor had been vested with the legal title, it ought not to have been admitted, if objected to.

But another objection to the judgment is suggested for the appellant, which is certainly fatal to it. There is no pleading authorizing it, if the evidence did.

The petition seeks only a recovery of the land and does not claim a debt nor assert a lien.

The judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion, it being deemed proper to allow further preparatory steps to be taken by both parties.

———, *for appellant.*

*T. Z. Morrow, for appellee.*